**Paul BACIK, Petitioner-Appellant,**

v.

**Ted ENGLE, Superintendent, Respondent-Appellee.**

**No. 80–3404.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1982.

Decided April 29, 1983.

Paul Mancino, Jr., Cleveland, Ohio (Court-appointed), for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Connie Harris, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS, Chief Judge, ENGEL, Circuit Judge and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Paul Bacik appeals from the dismissal of his petition for a writ of habeas corpus by District Judge Thomas D. Lambros.

Bacik was convicted of first degree murder at a jury trial in the Court of Common Pleas for Trumbull County, Ohio, in February 1974 and sentenced to life imprisonment. He has exhausted his State remedies, pursuing both direct appeals and an application for post conviction relief through all levels of the Ohio courts.

One of Bacik's affirmative defenses was that he was insane at the time of the murder for which he was convicted. Shortly before his trial on February 20, 1974, a new Ohio Criminal Code became effective January 1, 1974, which subjected all affirmative defenses to the following rule:

§ 2901.05 **Burden and degree of proof.**

(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused. Ohio Rev.Code Ann. § 2901.05(A) (1974).

The new code also provided as follows:

§ 2929.61. **[Prosecution for offense committed prior to January 1, 1974.]**

Persons charged with a capital offense committed prior to January 1, 1974, shall be prosecuted under the law as it existed at the time the offense was committed, and, if convicted, shall be imprisoned for life, except that whenever the statute under which any such person is prosecuted provides for a lesser penalty under the circumstances of the particular case, such lesser penalty shall be imposed. Ohio Rev.Code Ann. § 2929.61 (1974).

Prior to the enactment of these provisions, the Ohio courts required defendants in criminal cases to carry the burden of proving a defense by a preponderance of the evidence.

The following four contentions are asserted as grounds for reversal of the district court and granting of the writ:

I. Petitioner was denied due process of law where he was required to assume the burden of proof upon the issue of insanity by a preponderance of the evidence, where, under the applicable law of Ohio he only had the burden of going forward.

II. Where the court erroneously placed the burden of proof upon the issue of insanity upon the petitioner and his counsel made no objection to such erroneous placement of the burden of proof, petitioner had been denied the effective assistance of counsel.

III. Petitioner, in a homicide prosecution, was denied due process of law when the court proceeded to instruct the jury that the jury may presume both an intent to kill and a malicious killing from the use of a dangerous or deadly weapon.

IV. An accused is denied the effective assistance of counsel where counsel waives an opening statement to the jury especially where the accused relies upon the defense of insanity and, under the instructions of the court will have the burden of proving such a defense and where counsel fails to request an instruction on accident and also on self-defense where there is evidence supporting these claims.

We conclude that the decision of the district court denying habeas corpus must be affirmed on authority of *Engle v. Isaac*, 456

U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), *rehearing denied,* 456 U.S. 1001, 102 S.Ct. 2286, 73 L.Ed.2d 1296 (1982), and 457 U.S. 1141, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1982), construing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See Fornash v. Marshall,* 686 F.2d 1179 (6th Cir., 1982); *Henderson v. Jago,* 681 F.2d 471 (6th Cir. 1982). *See also: Thomas v. Arn,* 704 F.2d 865 (6th Cir.1982).

In his supplemental brief, Bacik argues that *Engel v. Isaac* should not be applied retroactively, and that if it is applied to the present case, it will work a denial of due process. We reject this contention.

We further agree with the district court that Bacik was not denied effective assistance of counsel. *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974).

All other contentions made by appellant have been considered and found to be without merit.

Affirmed.