**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**OCTOBER SESSION, 1998**

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **AARON JERMAINE WALKER,** | **)** | **C.C.A. NO. 03C01-9802-CR-00046** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **HAMILTON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. STEPHEN M. BEVIL** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF HAMILTON COUNTY**

FOR THE APPELLANT:

STEPHEN M. GOLDSTEIN
314 Vine Street
Chattanooga, TN 37403

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

BILL COX
District Attorney General

BATES BRYAN, JR.
Assistant District Attorney General
Courts Building
600 Market Street
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Aaron Jermaine Walker, appeals the denial of his petition for post-conviction relief by the Criminal Court for Hamilton County. Defendant asserts that he suffered ineffective assistance of counsel at trial and that this alleged ineffective assistance prejudiced him in several respects.

Defendant was indicted by the Hamilton County Grand Jury for premeditated first degree murder and felony murder (in perpetration of robbery) in connection with the shooting death of the victim. According to Defendant's testimony at his trial, he and severed co-defendant Chandler Fitch planned to find a person addicted to crack cocaine, offer to sell the person drugs, and then take the tendered money and flee. Defendant and Fitch undertook to execute their plan, and Defendant shot the victim in the process, causing his death. A jury convicted Defendant of felony murder and sentenced him to life imprisonment with the possibility of parole. His conviction and sentence were affirmed on appeal. State v. Walker, 893 S.W.2d 429 (Tenn. 1995).

In this appeal of the trial court's denial of his post-conviction petition, Defendant alleges four instances of ineffective assistance by his trial counsel: (1) failure to deliver effective opening and closing statements; (2) failure to move to suppress oral statements by Defendant; (3) failure to "confer frequently" with Defendant; and (4) failure to request a jury charge on voluntary manslaughter, or failure to object to the trial court's decision not to charge voluntary manslaughter.

We find no merit in Defendant's contentions, and we affirm the trial court's denial of relief.

To be entitled to post-conviction relief on the basis of ineffective assistance of counsel, Defendant must show (1) that his trial counsel's representation was "deficient," and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, counsel's performance is not deficient when "the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The second prong requires a petitioner to show a reasonable probability that the result of the trial would have been different but for the deficient representation. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

If afforded a post-conviction evidentiary hearing by the trial court, a petitioner must do more than merely present evidence tending to show incompetent representation and prejudice; the petitioner must prove factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding on this Court unless the evidence preponderates against them. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (citing Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990)).

Furthermore, with respect to decisions of tactic or strategy, the Supreme Court stated that "[a] fair assessment of attorney performance requires that every

effort be made to eliminate the distorting effect of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 688. The courts of this state also have long "recognized that it is not our function to 'second-guess' tactical matters and strategical choices pertaining to defense matters or measure a defense attorney's representation by '20-20 hindsight' when deciding the effectiveness of trial counsel." Cooper, 849 S.W.2d at 746 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

## I. OPENING AND CLOSING STATEMENTS

The record reflects that the following constitutes the entirety of the opening statement delivered by Defendant's trial counsel: "I'll be brief. You said that you will listen to this case in full and we would just ask that you wait till you've heard all the evidence in this case to make your decision." Defendant complains that this cursory opening statement and trial counsel's allegedly deficient closing statement deprived him of the effective assistance of counsel because a competent attorney would have discussed that the evidence supported lesser included offenses, that the State maintained the burden of proof, and that the State must prove all elements of the offenses. In addition, Defendant asserts that trial counsel should have advised the jury about the Defendant's theory of the case and specific evidence for which jurors should watch. Finally, Defendant complains that his trial counsel failed to "guide the jury" by distinguishing the elements of lesser included offenses, and he states that these errors prejudiced Defendant's ability to receive a fair trial.

Following an evidentiary hearing on the post-conviction petition in this case, the trial court found, "based on the evidence, the facts known to [trial counsel], and the trial strategy, that [trial counsel's] argument to the jury did not amount to ineffective assistance of counsel." To support his conclusion, the post-conviction judge cited trial counsel's post-conviction hearing testimony, in which the attorney stated that "his plan was to keep the proof minimal, and try to show the jury that the killing was an accident and not an intentional killing, thereby hoping to reduce the charge to less than first degree murder." In addition, the judge "recognize[d] that counsel's arguments are not as persuasive as the proof that's presented at the trial."

This Court finds no reason to disregard the post-conviction trial court's conclusion on this issue. Waiver of opening or closing argument altogether by trial counsel may be considered an acceptable tactic, whether or not ultimately successful or even wise when viewed in hindsight. See, e.g., Bacik v. Engle, 706 F.2d 169, 171 (6th Cir. 1983) (waiver of opening statement not ineffective assistance of counsel); Cone v. State, 747 S.W.2d 353, 357 (Tenn. Crim. App. 1987) (waiver of closing statement in penalty phase not ineffective assistance when used as strategy to prevent State from making final closing statement); State v. Menn, 668 S.W.2d 671, 673 (Tenn. Crim. App. 1984) (same); State v. Casson Marcel McCoy, No. 01C01-9603-CC-00109, 1997 WL 137422, at *3 (Tenn. Crim. App., Nashville, Mar. 27, 1997) (waiver of opening statement not ineffective assistance of counsel); State v. Myer Pettyjohn, No. 01C01-9006-CC-00139, 1992 WL 50973, at *4 (Tenn. Crim. App., Nashville, Mar. 19, 1992) (adoption of co-defendant's closing statement not ineffective assistance when

used as strategy to save closing for sentencing phase and maintain credibility with jury), perm. to appeal denied (Tenn. 1992).

Similarly, this Court has approved the waiver of a closing statement even when trial counsel presented no tactical or strategic explanation, where the record revealed such strong evidence against the defendant that no prejudice existed. See Jessie S. Tidwell v. State, No. 01C01-9307-CR-00201, 1994 WL 548708, at *10-*11 (Tenn. Crim. App., Nashville, Oct. 6, 1994), aff'd in part, rev'd in part, Tidwell v. State, 922 S.W.2d 497 (Tenn. 1996). The Tennessee Supreme Court, though reversing in part on other grounds, found that the failure to give a closing statement did not constitute ineffective assistance of counsel in that case. 922 S.W.2d at 498 n.1.

Based upon trial counsel's testimony at Defendant's post-conviction hearing—that he focused on persuading the jury that Defendant killed the victim by accident—and the finding made by the post-conviction judge that Defendant did not receive ineffective assistance of counsel, we conclude that trial counsel's scant opening statement and allegedly inadequate closing statement did not amount to deficient performance as conceived by Strickland v. Washington and Baxter v. Rose. Further, even if trial counsel's statements had fallen below the appropriate standard of care, we conclude that Defendant would have suffered no prejudice due to the strength of the evidence against him, including his own damning testimony at trial.

## II. MOTION TO SUPPRESS CONFESSIONS

Defendant also claims that his trial counsel was ineffective to his prejudice by failing to move the trial court for suppression of his statements to police. At the post-conviction hearing, Defendant presented an attorney experienced in criminal trial matters, who testified that failing to file a motion to suppress did not "live up to a reasonable standard of representation." In support of this allegation, Defendant argues that "there was an indication in the original trial that an offer of leniency may have been used by the police. Also, the Petitioner was only 18 or 19 years old at the time of the confession."

In his first statement to police, Defendant described a scene in which the victim asked him if he wanted to buy drugs. According to this statement, when Defendant replied "no," the victim reached into Defendant's pocket for money, and Defendant noticed a gun in the victim's other hand. As Defendant grabbed the victim's hand which held the gun, it fired, striking the victim. Later, Defendant gave another version of events, which was virtually identical to his testimony at trial. He stated that he, rather than the victim, possessed the gun; and he recounted the preconceived plan to find a crack cocaine addict to rob.

At the evidentiary hearing on this matter, Defendant's trial counsel testified extensively and emphatically that (1) he believed no potentially meritorious grounds for filing a motion to suppress existed, and (2) he believed that filing a motion lacking meritorious potential would be a violation of his ethical obligations as an attorney and officer of the courts. We agree. Furthermore, the record reflects that trial counsel utilized the statements at trial in an attempt to show Defendant's remorse and intention to do the right thing. Counsel hoped to show

that after having given a false statement, Defendant felt compelled to deliver a truthful account of events—the second statement, during which Defendant emotionally expressed a great deal of remorse.

We conclude that Defendant has failed to bear his burden to show deficient representation by making only a generalized reference that "an offer of leniency may have been used by the police" and that "the Petitioner was only 18 or 19 years old at the time of the confession." In addition, Defendant has conceded his inability to show prejudice by stating, "By itself, the failure to file a Motion to Suppress, may not have changed the outcome of the case, but its cumulative effect would be; and thereby prejudicing the Petitioner for a fair trial."[1] This issue lacks merit.

### III. ATTORNEY-CLIENT COMMUNICATION

Defendant contends that he received ineffective assistance of counsel because his trial counsel conferred with him on only two occasions prior to trial and because they had only one discussion regarding whether he would testify in his defense.

At the post-conviction hearing, Defendant's trial counsel testified that he communicated adequately with Defendant and that he strongly advised Defendant to exercise his privilege not to testify at trial. Defendant disregarded this advice and testified, painting a vivid scene of a "classic" felony murder. Not only do we find no deficient performance, we find no prejudice: As the State

---

[1] We later consider the argument for a new trial based upon the cumulative effect of several instances of ineffective representation.

indicates, "[Defendant] has shown no prejudice, because he can offer no basis on how his defense could have been improved and his verdict affected by more communication between he and [trial counsel]."

## IV. VOLUNTARY MANSLAUGHTER INSTRUCTION

For his final issue, Defendant argues that he suffered ineffective assistance of counsel because his attorney (1) failed to request a jury instruction on voluntary manslaughter, or (2) failed to object when the trial court declined to include a voluntary manslaughter instruction in the jury charge.

This Court recently announced,

before instructing a jury on a lesser offense, the trial court must determine whether the evidence, when viewed in the light most favorable to the defendant's theory of the case, would justify a jury verdict in accord with the defendant's theory, and would permit a rational trier of fact to find the defendant guilty of the lesser offense and not guilty of the greater offense.

State v. Thomas Jerome Elder, No. 03C01-9702-CR-00053, 1998 WL 191445, at *4 (Tenn. Crim. App., Knoxville, Apr. 23, 1998). Furthermore,

absent such a standard regarding the quantum of proof necessary to trigger an instruction on a lesser offense, the trial judge who charges a lesser offense based upon less than sufficient evidence would be faced with the absurd necessity, predicated upon its own invited error, of entering a judgment of acquittal following the jury's guilty verdict on the lesser offense.

Id. at *5. Therefore, the inquiry a trial court must make to determine when it must charge a lesser included or lesser grade offense is much the same as the inquiry this Court makes to determine whether the evidence is sufficient to support a conviction that has been appealed.

A conviction for voluntary manslaughter requires the "intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211. In Elder, this Court found that no evidence existed from which the jury could possibly have returned a verdict of attempted voluntary manslaughter when (1) the defendant threatened to kill the victim and attacked him from behind, and (2) the only evidence of provocation presented by the defendant was that he and the victim engaged in an argument four and one-half hours prior to the killing. Jerome Thomas Elder, 1998 WL 191445, at *6.

Likewise, in this case, the evidence presented at trial was not sufficient to permit a rational jury to return a verdict for the lesser offense and not the greater offense. To support the need for an instruction for voluntary manslaughter, Defendant can point to only two identical references to the record in which he stated that the victim "came towards" him prior to the shooting. According to Defendant himself, he hit the victim with the intention to knock him unconscious and take his money. Only then did the victim come toward Defendant, who was armed and accompanied by his co-defendant. The co-defendant attempted to "grab" the victim, and Defendant began to pull his gun from his coat pocket. As he did so, the gun fired, striking the victim. Even in the light most favorable to Defendant, the evidence was not sufficient to warrant a jury instruction on voluntary manslaughter.

Furthermore, we also conclude that even if Defendant's trial counsel had been deficient in his representation on this matter, Defendant suffered no prejudice. The jury in this case returned a verdict convicting the Defendant of

murder in the first degree as the result of a reckless killing in the perpetration of a robbery, not premeditated first degree murder. We are unconvinced that the Defendant could have been in any way prejudiced by the failure of the trial judge to charge the jury concerning the elements of voluntary manslaughter.

We therefore conclude that the Defendat has established neither that counsel's representation was deficient nor that Defendant suffered prejudice concerning the trial judge's failure to charge voluntary manslaughter.

## V. CUMULATIVE ERROR

Defendant argues that although individual instances of ineffective assistance of trial counsel may not have prejudiced him in violation of his constitutional rights to due process and a fair trial, the cumulative effect of several instances of ineffective assistance created prejudice of constitutional proportions. We have determined that Defendant suffered no ineffective assistance of counsel; therefore, there can be no cumulative effect.

We affirm the trial court's denial of post-conviction relief.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE