IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

March 11, 1999

Cecil W. Crowson
Appellate Court Clerk

| STATE OF TENNESSEE, | * | C.C.A. No. 01C01-9804-CR-00188 |
| Appellee, | * | WILSON COUNTY |
| VS. | * | Honorable J. O. Bond, Judge |
| LESLIE R. HOLT, | * | (Felony Reckless Endangerment) |
| Appellant. | * | |

For Appellant:

Jay Norman
Attorney for Appellant
213 Third Avenue, North
Nashville, TN  37201

For Appellee:

John Knox Walkup
Attorney General and Reporter

Timothy Behan
Assistant Attorney General
425 Fifth Avenue, North
Cordell Hull Building, Second Floor
Nashville, TN  37243-0493

Robert Hibbett
Assistant District Attorney General
119 College Street
Lebanon, TN  37087

OPINION FILED:_____

REVERSED AND REMANDED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Leslie R. Holt, was convicted of felony reckless endangerment. The jury acquitted the defendant on a related charge of aggravated assault. The trial court imposed a Range I sentence of two years with supervised probation after service of thirty days.

In this appeal of right, the defendant presents a single issue for review: whether the trial court erred by failing to provide the jury with an instruction on misdemeanor reckless endangerment, a lesser offense of felony reckless endangerment. We reverse the conviction and remand for a new trial.

The defendant and his ex-wife, Judy Holt, have a son, Colton, who was four years old in 1996. On October 11 of that year, the defendant's second wife, Cynthia Bryant, drove to the Holt residence to pick up Colton for visitation over the weekend. About three hours later, someone from the sheriff's department telephoned Ms. Holt and asked her to drive there and take custody of Colton. When Ms. Holt arrived, she saw that Ms. Bryant's car had been scratched and dented since she last saw the vehicle. Colton was unhurt. Ms. Holt testified that she was unaware at that point that Ms. Bryant and the defendant had obtained a divorce on October 9, 1996, two days before the incident.

Cynthia Bryant testified that after she picked up Colton, she drove to her farm. Upon her return, she discovered the defendant was "in one of his moods. ... acting crazy, bizarre, angry." Ms. Bryant, who decided to take Colton to Lebanon for dinner, was driving south on Highway 231, when she saw the defendant driving behind her. Ms. Bryant testified that the defendant struck her car with his vehicle several times, finally forcing her vehicle into a ditch. The defendant then struck the

2

windows of her car and threatened "to kill you both." Ms. Bryant, fearful for her life, was able to maneuver her vehicle back onto the highway and drive to the sheriff's department.

Keith Taylor, a captain with Wilson County Emergency Management, was driving north on Highway 231 when he saw two vehicles approach from the opposite direction. He recalled that the driver of one of the vehicles seemed anxious to pass and was driving very close to the lead car. When the two vehicles passed by, Captain Taylor saw through his rearview mirror that the car in the rear had forced the lead car into a ditch. As Captain Taylor turned his vehicle, he noticed that the driver of the car in the ditch was attempting to return to the highway and the other driver was striking the car window with his fists.

The defendant testified that on the date of this incident, he drove to Ms. Bryant's farm, collected his belongings, and waited for her return. He claimed that when Ms. Bryant arrived with Colton sometime after 7:00 P.M., he and Ms. Bryant engaged in an argument over the defendant dating another woman. He contended that Ms. Bryant took Colton and, over his objections, began to drive away; as she did so, she struck the defendant's parked car. The defendant maintained that he followed in his vehicle, demanding that she stop and return Colton to his custody. He asserted that Ms. Bryant veered off the road into a ditch as he attempted to pass. The defendant admitted that he pounded Ms. Bryant's window with his fists but denied that he forced her vehicle into the ditch or caused any of the damage to her vehicle. The defendant claimed that he had contacted the Wilson County Sheriff's Department shortly after the incident and learned that they were unaware of Ms. Bryant's whereabouts. It was his contention that when he went to Metropolitan Police Department in Nashville to make a complaint against

3

Ms. Bryant for taking Colton without his permission, he was informed that he needed to go to the Wilson County Sheriff's Department to work things out.

The defendant alleges that the trial judge erred by failing to charge the lesser offense of misdemeanor reckless endangerment. The state asserts there was no error.

The trial judge, of course, has a duty to give a complete charge of the law applicable to the facts of the case. State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986). There is an obligation "to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a). "Pursuant to our statute, rule, and case law interpretations, defendants are entitled to jury instructions on all [lesser offenses], if the evidence would support a conviction for the offense." State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996). Such a charge "allows the jury to consider all relevant offenses in determining the appropriate offense, if any, for conviction" and "more evenly balances the rights of the defendant and the prosecution and serves the interests of justice." Id. It is only when the record is devoid of evidence to support an inference of guilt of the lesser offense that the trial court is relieved of the responsibility to charge the lesser crime. State v. Stephenson, 878 S.W.2d 530, 549-50 (Tenn. 1994); State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990).

In State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998), our supreme court overruled several prior cases and, by a three to two majority, held that the right to instructions on lesser offenses is merely a statutory right, rather than one founded

4

in the Tennessee Constitution[1] and that, in consequence, the error is subject to a harmless error analysis:

> Reversal is required if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice.

(citing Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b)).

> Reckless endangerment is defined by our legislature as follows:
>
> Reckless endangerment.--(a) A person commits an offense who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury.
>    (b) Reckless endangerment is a Class A misdemeanor; however, reckless endangerment committed with a deadly weapon is a Class E felony.

Tenn. Code Ann. § 39-13-103. The use of a deadly weapon, defined as "[a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury" elevates the misdemeanor offense of reckless endangerment to a felony. See Tenn. Code Ann. § 39-11-106(5)(b). An automobile is not, under all circumstances, a deadly weapon; the method of use is the controlling factor and that must be examined on a case-by-case basis. State v. Scott W. Long, C.C.A. No. 03C01-9301-CR-00032, slip op. at 6-7 (Tenn. Crim. App., at Knoxville, Aug. 19), app. denied, (Tenn., Nov. 8, 1993); State v. Tate, 912 S.W.2d 785 (Tenn. Crim. App. 1995).

Misdemeanor reckless endangerment is a lesser grade of felony reckless endangerment. It is also a lesser included offense. This is not a case in which the record is devoid of proof of the lesser offense. See State v. Lewis, 978

---

[1]"[T]he jury shall have the right to determine the law and the facts, under the direction of the court, as in other criminal cases." Tenn. Const. Art. I § 19. See McGowan v. State, 17 Tenn. 184 (1836) and its progeny.

S.W.2d 558 (Tenn. Crim. App. 1997). Taken in a light most favorable to the defendant, the evidence would be sufficient to support a conviction for misdemeanor reckless endangerment. See State v. Elder, 982 S.W.2d 871, 877 (Tenn. Crim. App. 1998). At trial, the defendant testified that his conduct, reckless at worst, merely placed Ms. Bryant and his son "in imminent danger of death or serious bodily injury." He asserted that he never used his vehicle as "a deadly weapon." See Tenn. Code Ann. § 39-13-103. Under these circumstances, it was the task of the jury to determine the degree of reckless endangerment. See State v. Brandon Patrick, C.C.A. No. 03C01-9712-CC-00548 (Tenn. Crim. App., at Knoxville, Feb. 19, 1999) (reversing and remanding where the trial court refused to charge misdemeanor reckless endangerment). The ultimate question became one of fact rather than one of law; that is, whether the vehicle was used in such a manner as to be a deadly weapon. The facts and circumstances must be examined by the jury on a case-by-case basis. The failure to charge the jury with misdemeanor reckless endangerment prevented the jury from making this assessment. Because the proof of the greater offense was not so overwhelming that the jury inevitably would have chosen the greater offense over the lesser offense if given the choice, the error appears to have been harmful. Relevant to the quantum of proof is the acquittal by the jury on the separate count of aggravated assault and the lesser offense of assault. In this instance, the failure to instruct on a lesser offense which was legitimately raised by the evidence would not qualify as harmless error, whether the error is of a constitutional magnitude or not.[2]

Accordingly, the judgment of the trial court is reversed and remanded for a new trial.

---

[2]See Williams, 977 S.W.2d 101.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John H. Peay, Judge


_____
Jerry L. Smith, Judge