# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY 1999 SESSION

FILED

August 17, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9901-CR-00047 |
| Appellee, | ) | |
| | ) | HAMILTON COUNTY |
| VS. | ) | |
| | ) | HON. STEPHEN M. BEVIL, |
| JERRY WAYNE ALEXANDER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Attempted Second Degree Murder; |
| | ) | Aggravated Assault) |

**FOR THE APPELLANT:**

**JOHN C. CAVETT, JR.**
Pioneer Bank Building
801 Broad Street, Suite 428
Chattanooga, TN 37402

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM H. COX III**
District Attorney General

**MARK A. HOOTON**
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

A Hamilton County jury convicted defendant, Jerry Wayne Alexander, of attempt to commit murder in the second degree and aggravated assault. The trial court sentenced him to ten and five years, respectively, and ordered the terms to run concurrently. In this appeal as of right, defendant raises two issues:

(1)     whether the trial court erred by failing to instruct the jury on reckless endangerment as a lesser offense of aggravated assault; and

(2)     whether the evidence was sufficient to support the verdicts.

We find no reversible error and **AFFIRM** the trial court's judgment.

**FACTS**

On June 18, 1996, Chattanooga police officers, Todd Royval and Glenn Scruggs, were on patrol at a Hamilton County housing development. They were looking for defendant in order to serve arrest warrants unrelated to this case. Soon after they started their shift, they saw defendant in the front passenger seat of a green Cutlass. Royval pulled the marked patrol car in behind the slow-moving Cutlass, activated his blue lights, and sounded the siren several times. The Cutlass did not stop for some distance, but subsequently pulled into a parking area surrounded on three sides by apartment buildings.

Royval stopped the patrol car at an angle facing the Cutlass' passenger-side door. He and Scruggs got out and started walking towards the Cutlass. However, they stopped when they saw defendant reach down and come back up to the window with an SKS 7.62 millimeter assault rifle.

Defendant leveled the rifle and began firing toward the officers. Royval was only about ten feet from the defendant and dropped to the ground. Scruggs scrambled to the back of the patrol car for cover. An inspection of the patrol car

later revealed a bullet hole in the rear driver-side quarter panel, approximately twelve to fourteen inches from where Royval was standing. Both officers returned gunfire as the Cutlass pulled away with defendant hanging out the window.

Royval and Scruggs chased the Cutlass until it stopped and continued the pursuit on foot when the suspects abandoned it. Defendant ran into a nearby apartment where Royval and Scruggs apprehended him. Royval found the assault rifle in the front seat of the Cutlass with a live round jammed in the chamber and an "off-the-market" thirty-round magazine clip holding twenty-two additional rounds.

The defense presented no proof at trial.

Based upon this evidence, the jury convicted the defendant of the attempted second degree murder of Officer Royval and aggravated assault upon Officer Scruggs.

## JURY INSTRUCTION

Defendant claims the trial court committed reversible error by failing to charge reckless endangerment as a lesser included offense of aggravated assault.[1] We respectfully disagree.

Firstly, we note this issue was not raised in the motion for new trial. Thus, it is waived. *See* Tenn. R. App. P. 3(e). Although this Court has the authority to

---

[1]At first glance, defendant's brief appears unclear as to whether he assigns as error the failure to give an instruction on reckless endangerment for both attempted first degree murder and aggravated assault. Since he asserts in his brief that reckless endangerment is "a lesser included offense of assault," we assume the alleged error relates only to the charge of aggravated assault. Regardless, it would appear that reckless endangerment is neither a lesser included nor lesser grade offense of attempted first degree murder. *See generally* State v. Trusty, 919 S.W.2d 305, 312 (Tenn. 1996).

address this issue if it involves "plain error," *see* Tenn. R. Crim. P. 52(b), we conclude there is no plain error.

The indictment charged aggravated assault by intentionally or knowingly causing the victim to reasonably fear imminent bodily injury by use of a deadly weapon. *See* Tenn. Code Ann. § 39-13-102(a)(1)(B). Reckless endangerment is reckless conduct which places the victim in "imminent danger of death or serious bodily injury." Tenn. Code Ann. § 39-13-103(a). If committed with a deadly weapon, reckless endangerment is a Class E felony. Tenn. Code Ann. §39-13-103(b). Regardless of whether reckless endangerment is a true lesser included offense of aggravated assault, it is certainly a lesser grade offense and must be charged when justified by the evidence. *See* State v. Cleveland, 959 S.W.2d 548, 553 (Tenn. 1997).

However, the trial court does not have to charge the jury with a lesser included or lesser grade offense where the record clearly shows that the defendant was guilty of the greater offense, and the record is devoid of evidence permitting an inference of guilt on the lesser offense. State v. Langford, ___ S.W.2d ___, ___ (Tenn. 1999). "Obviously, where 'there is no proof in the record which would support the instruction,' no jury instruction on a lesser offense need be submitted to the jury." State v. Elder, 982 S.W.2d 871, 877 (Tenn. Crim. App. 1998)(citing State v. Trusty, 919 S.W.2d 305, 311) (Tenn. 1996)).

"Plain error" or "fundamental error" is recognized under Tenn. R. Crim. P. 52(b). State v. Stephenson, 878 S.W.2d 530, 553 (Tenn. 1994). It must affect a "substantial right" which is a right of "fundamental proportions in the indictment process, a right to the proof of every element of the offense, and is constitutional in nature." State v. Adkisson, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). It is an egregious error that strikes at the "fairness, integrity or public reputation of judicial proceedings." *Id.* (citing United States v. Rodriguez, 882 F.2d 1059, 1064 (6th Cir.

4

1989)).

In the instant case, the record unequivocally established that the defendant acted intentionally and knowingly and caused Officer Scruggs to fear imminent bodily injury by firing at him with an assault rifle. The trial court did charge the lesser offense of simple assault. The jury opted to find the defendant guilty of aggravated assault and declined to convict on simple assault. The failure to instruct on reckless endangerment did not strike at the fairness, integrity or public reputation of the proceedings. If the trial court did err in refusing to instruct on reckless endangerment, it clearly did not constitute "plain error."

This issue is without merit.

## SUFFICIENCY OF THE EVIDENCE

Defendant charges that the evidence presented at trial was insufficient to convict him of the attempted second degree murder of Royval and the aggravated assault upon Scruggs.

Defendant claims that the case against him "hinged totally upon the [officers'] testimony" and that their "testimony must be analyzed in light of their emotional state." These contentions are misguided. Great weight is given to the jury verdict in a criminal trial, and it accredits the state's witnesses and resolves all conflicts in the state's favor. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and

5

legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995). Furthermore, a guilty verdict replaces the presumption of innocence with a presumption of guilt which appellant must overcome on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The proof at trial showed that Officers Royval and Scruggs stopped a vehicle in which defendant was a passenger. The officers approached within ten feet of the car's passenger window when they saw defendant level a military-style assault rifle at them. When defendant fired at them, Royval dropped to the ground and Scruggs ran for cover. The frightened officers returned the gunfire. When Royval recovered the rifle, a live round was jammed in its chamber with seven rounds missing from a thirty-round magazine clip.

Given the presumption of guilt and viewing the evidence in the light most favorable to the state, we find the overwhelming proof more than sufficient to uphold defendant's convictions. This issue is without merit.

## CONCLUSION

Based upon the foregoing, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

6

_____
**GARY R. WADE, PRESIDING JUDGE**

_____
**DAVID H. WELLES, JUDGE**