# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 6, 2008

## STATE OF TENNESSEE v. LARRY DARNNELL PINEX

**Appeal from the Criminal Court for Davidson County**
**No. 2005-C-2514    Mark J. Fishburn, Judge**

---

**No. M2007-01211-CCA-R3-CD - Filed November 6, 2008**

---

DAVID G. HAYES, SR.J., dissenting.

I respectfully dissent from the majority's holding that the Defendant's dual convictions of attempted aggravated rape and attempted aggravated sexual battery implicate principles of double jeopardy protections. My reasons are two-fold.

First, the majority's holding is in conflict with the case law decisions of *State v. Elder*, 982 S.W.2d 871, 875 n.2 (Tenn. Crim. App. 1998) and *Parris v. State*, 236 S.W.3d 173, 182 n.5 (Tenn. Crim. App. 2007), and other unpublished decisions of this court which recognize three distinct statutory means by which a criminal attempt may be committed, each dependent upon the factual circumstances presented in the particular case. *See, e.g., State v. Hezekiah Cooper*, No. W2005-02481-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 20, 2007); *State v. Victor Eugene Tyson*, No. M2006-01652-CCA-R3-CD (Tenn. Crim. App. at Nashville, July 10, 2007). The majority concludes in both its analysis of the sufficiency of the evidence and within its analysis of double jeopardy protections that, "the State must only prove that the Defendant took a substantial step toward those completed crimes [of attempted aggravated rape and attempted aggravated sexual battery]" citing Tennessee Code Annotated subsection 39-12-101(a)(3) as the relevant definition of criminal attempt. The decisions of *Elder* and *Parris* compel the holding that based upon the evidence presented in this case, the applicable criminal attempt provision is subsection (a)(2), not (a)(3). As observed in *Elder*, 982 S.W.2d at 875 n.2, when a defendant "[a]cts with the intent to cause a result that is an element of the offense," *i.e.*, sexual penetration, and "believes the conduct will cause the result <u>without further conduct,</u>" the attempted crime is chargeable only under subsection (a)(2) when, as in this case, the defendant's conduct is thwarted by the physical resistance of the victim. Subsection (a)(2) involves those attempts where the accused has done everything that he intended to do but the crime was not completed, *i.e.*, in a homicide prosecution, the bullet missed the intended victim or, as in this case, the forceful acts of the accused are resisted by the victim. Subsection (a)(3) is applicable only to attempts where the accused has not yet done <u>all that he intends to do</u> in the commission of the crime; however, the conduct of the accused "constitutes a substantial step <u>toward</u> the commission of the offense." T.C.A. §§ 39-12-101 (a)(3),(b). Although I find the

trial court's jury instruction with regard to criminal attempt to be incorrect, I find the error harmless within the sufficiency of evidence context. Nonetheless, I am unable to agree with the majority's utilization of subsection (a)(3) within the double jeopardy analysis as discussed *infra*.

Second, the majority concludes under the *Denton* test "that the same evidence was required to prove both the attempted aggravated rape and the attempted aggravated sexual battery." Furthermore, the majority concludes that "it requires speculation to conclude that the Defendant attempted two discrete acts which could reasonably be viewed as constituting different offenses." As observed by the majority, our supreme court in *State v. Phillips*, 924 S.W.2d 662, 665 (Tenn. 1996), urged consideration of (1) the nature of the act, (2) the area of the victim's body invaded by the sexually assaultive behavior, (3) the elapsed time between the discrete conduct, (4) the accused's intent, and (5) the cumulative punishment, in determining whether convictions are multiplicitous. In the light most favorable to the State, the proof established separate acts of conduct supporting the Defendant's dual convictions. The Defendant's act of grabbing the victim's throat and demanding that she "bow down" in addition to his attempt to forcibly remove her underwear supports the conviction for attempted aggravated rape while the Defendant's action of biting the victim's breast supports the conviction for attempted aggravated sexual battery. Thus, the nature of the two acts are distinguished, the acts occurred at separate times, and involved two separate areas of the victim's body. Moreover, the issue of intent is a jury question and the jury could reasonably have inferred from the proof that the Defendant abandoned his initial intent to rape after being informed by the victim that he would first "have to kill [her]" and that his biting of the victim's breast could "rationally [be] construed as being for the purpose of sexual . . . gratification." Tenn. Code Ann. 39-13-501(6). For these reasons, I would affirm the Defendant's convictions for both attempted aggravated rape and attempted aggravated sexual battery. In all other respects, I join with the majority.

_____
DAVID G. HAYES, Senior Judge