IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 3, 2011

**DERRICK SUTTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P-26776    John P. Colton, Jr., Judge**

---

**No. W2010-01413-CCA-R3-PC  - Filed July 19, 2011**

---

The Petitioner, Derrick Sutton, appeals as of right from the Shelby County Criminal Court's denial of his petition for post-conviction relief. The Petitioner was convicted of especially aggravated robbery and sentenced as a violent offender to 21 years in the Tennessee Department of Correction. The Petitioner contends that the trial court erred in failing to charge facilitation of especially aggravated robbery as a lesser-included offense and that the trial court erred in defining the term knowingly in response to a question from the jury. The Petitioner also challenges the performance of trial and appellate counsel. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. DAVID H. WELLES, J., not participating.

Joseph A. McClusky (on appeal) and William D. Massey (at trial), Memphis, Tennessee, for the appellant, Derrick Sutton.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Michael Zak, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On direct appeal, this court affirmed the Petitioner's especially aggravated robbery conviction. State v. Carl Johnson and Derrick Sutton, No. W2000-00278-CCA-R3-CD, 2001 WL 1335110 (Tenn. Crim. App. Apr. 4, 2001). Although the facts of the Petitioner's case

have already been discussed in this court's opinion affirming his conviction, we will provide the following factual summary to establish context for the issues before this court.

On August 29, 1998, Treasy Alsobrook spoke with the victim, who gave her his beeper number. Ms. Alsobrook told Toshia Rainey that she had spoken to the victim that afternoon and was planning to meet him later that night. While at the Petitioner's house, Ms. Alsobrook, Ms. Rainey, the Petitioner, and Carl Johnson devised a plan to rob the victim when the victim met with Ms. Alsobrook that night. In furtherance of this plan, Ms. Alsobrook contacted the victim. When she spoke with the victim, she asked whether he wanted to drive to a restaurant and get something to eat. The victim agreed. When the victim arrived at Ms. Alsobrook's house, she got into his car. As the victim was driving down the street, she told him to stop because she noticed an unfamiliar car in her backyard. The victim complied, and Ms. Alsobrook got out of the car, presumably to investigate the unidentified car. As she was returning to the victim's car, the Petitioner came up behind her, put a gun to her head, and ordered her to sit on the curb.

The Petitioner then approached the victim's car and opened the front passenger's side door. The Petitioner pointed a handgun at the victim and ordered the victim to "drop it off." The victim pushed the handgun away and gave the Petitioner $690. The Petitioner told the victim to pull his shirt over his head before he got into the car on the front passenger's side. At that time, Mr. Johnson approached the car and got into the backseat behind the victim. The Petitioner looked in the glove compartment of the car, while Mr. Johnson hit the victim in the back of the head, asking the victim to call someone so that he could obtain more money. The victim eventually jumped out of the car and ran. As the victim was running, Mr. Johnson shot at the victim, striking the victim in the left arm and the left chest area. The victim survived and recovered from his injuries after two or three months.

The Petitioner and Mr. Johnson were charged with criminal attempt to commit first degree murder and especially aggravated robbery. Following the presentation of the evidence, the jury submitted the following question to the court:

> We would like to have a clarification on knowingly as defined in second degree murder. Does knowingly infer intended desire to murder? Does knowingly mean that the person shooting the gun took time to think about the consequences before he shot the gun?

(emphasis added). The trial court responded to the question by stating,

A person acts knowingly if that person acts with an awareness, if his conduct is of a particular nature; or a person acts knowingly if that person acts with an awareness that a particular circumstance exists.

The jury ultimately acquitted the Petitioner and Mr. Johnson of criminal attempt to commit first degree murder, failed to return a verdict as to the lesser-included offense of criminal attempt to commit second degree murder, and convicted the Petitioner and Mr. Johnson of especially aggravated robbery. Id. at *13. After the Petitioner's conviction was affirmed on appeal, the Petitioner filed a timely petition for post-conviction relief on September 17, 2002. Following the filing of two amended petitions, the post-conviction court held a hearing on January 21, 2010.

At the post-conviction hearing, the Petitioner testified that he did not shoot the victim. He stated that he wanted the trial court to charge the jury on all possible lesser-included offenses for his indicted charge of especially aggravated robbery and that he believed that the trial court failed to charge the jury as required by law. He said that trial counsel did not ask the trial court for an instruction on the lesser-included offense of facilitation to commit especially aggravated robbery. He stated that the trial court erred in defining knowingly in response to a question from the jury and that trial counsel did not object to the erroneous instruction.

Appellate counsel testified that the issue of the lesser-included offense was not raised in the motion for new trial or on appeal. She explained that the leading lesser-included offense case at the time, State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996), was overruled by State v. Burns, 6 S.W.3d 453 (Tenn. 1999) as she was preparing the Petitioner's appeal. She said that the Burns decision was discussed at length in her office. She stated that she did not cite Burns in her brief because she thought such a claim lacked merit when there "was overwhelming evidence of [the Petitioner's] guilt." She stated that she did not believe she could raise the lesser-included offense issue when the Petitioner "was fully part of [the] robbery." She stated that according to her understanding of criminal responsibility, the appellate court would have rejected that argument.

Trial counsel testified that he had no "independent recollection" of which lesser-included offenses he asked the trial court to include in the jury charge. He stated that he generally asked that all lesser-included offenses be charged but that the trial court did not instruct the jury on facilitation of either offense in the Petitioner's case. On cross-examination, he stated that he followed the law as he understood it on the day of trial and that he did not know of anything he could have done differently on that day.

Following the evidentiary hearing, the post-conviction court denied relief in a written order. The post-conviction court stated that the law at the time of the Petitioner's trial provided that the trial court was only required to instruct the jury on "lesser-included offenses that had a factual basis" and that "there was no duty for the attorney to request those instructions." The post-conviction court found that the trial court did not err in deciding to omit a charge of facilitation "because there was no factual basis in the evidence for the instruction of facilitation of especially aggravated robbery." The post-conviction court further found that the Petitioner had confessed his involvement as a gunman in the robbery and that the Petitioner had failed to establish prejudice resulting from the exclusion of the lesser-included offense.

As to the second issue, the post-conviction court clarified that the Petitioner had alleged that in response to the jury question regarding the offense of second degree murder, the trial court erroneously defined the term knowingly by omitting the requirement that the person be aware that their conduct was "reasonably certain to cause the result." The Petitioner alleged that the erroneous definition affected his conviction of especially aggravated robbery because the jury was told to consider the attempted murder offenses before considering any other offenses. The post-conviction court ultimately denied the Petitioner's claim that the definition impacted the Petitioner's conviction of especially aggravated robbery. The post-conviction court reasoned that the reasonably certain language was not necessary because the crime of especially aggravated robbery was a conduct-based offense, as opposed to a result-based offense. Relative to the especially aggravated robbery offense, the post-conviction court found that the definition of knowingly given in response to the jury's question "did not effectively lessen the burden of the State."

Following the post-conviction court's ruling, the Petitioner filed a motion to reconsider the case on June 2, 2010 in light of the Tennessee Supreme Court's decision in State v. Brown, 311 S.W.3d 422 (Tenn. 2010). The court held a hearing on the motion to reconsider on June 4, 2010, in which the court instructed the parties that it would have an order ruling on the matter by July 26, 2010. However, the Petitioner filed a notice of appeal on June 23, 2010, thereby removing the post-conviction court's jurisdiction. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Once the notice of appeal was filed, "the post-conviction court lost jurisdiction to rule upon the [P]etitioner's motion to reconsider" because the motion was not "one of those specified in Rule 4 of the Tennessee Rules of Appellate Procedure." Jason Settles v. State, No. W2008-00370-CCA-R3-PC, 2009 WL 1026006 (Tenn. Crim. App. Apr. 15, 2009).

ANALYSIS

I. Trial court errors

-4-

The Petitioner contends that pursuant to Brown, the trial court should have charged facilitation as a lesser-included offense of especially aggravated robbery. The Petitioner also contends that the trial court erred in defining the term knowingly when the jury asked the trial court to define the term as it related to second degree murder. The State responds that these issues are waived because the Petitioner failed to raise them on direct appeal.

The Petitioner did not raise these issues on direct appeal. "There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." Tenn. Code Ann. § 40-30-110(f). In determining whether an issue is waived in a post-conviction proceeding, the Tennessee Code provides,

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
>
> > (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
> >
> > (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann § 40-30-106(g). Following our review, we conclude that the special circumstances provided in Tenn. Code Ann. § 40-30-106(g)(1)-(2) do not apply in this case; therefore, the issues are waived. However, our conclusion on this issue does not preclude us from considering the Petitioner's claim that counsel was ineffective for failing to object at trial or raise these issues on direct appeal.

## II. Ineffective assistance of counsel

The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations to support his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); See Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). If the petitioner proves his allegations by clear and convincing evidence, the trial court must then

-5-

determine whether trial counsel was ineffective according to Strickland v. Washington, 466 U.S. 668, 687 (1984). Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland, 466 U.S. at 687; see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). Failure to satisfy either prong results in the denial of relief. Strickland, 466 U.S. at 697. In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that "there is a reasonable probability" that, but for the substandard performance, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In determining whether trial counsel's performance was deficient, this court has held that a "petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "[D]eference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). An attorney's performance must be measured against the general standard of whether the services rendered were "within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In determining whether appellate counsel's failure to raise an issue on appeal constitutes ineffective assistance of counsel, our supreme court has held that "unless the omitted issue has some merit, the petitioner suffers no prejudice from appellate counsel's failure to raise the issue on appeal. When an omitted issue is without merit, the petitioner cannot prevail on an ineffective assistance of counsel claim." Carpenter v. State, 126 S.W.3d 879, 887-88 (Tenn. 2004) (citing United States v. Dixon, 1 F.3d 1080, 1083 (10th Cir.

1993)). "Generally, the determination of which issues to present on appeal is a matter which addresses itself to the professional judgment and sound discretion of appellate counsel" as these are "tactical and strategic choices," which should not be second-guessed. Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993).

## A. Lesser-included offenses

The Petitioner contends that trial counsel was ineffective for failing to object to the trial court's failure to charge facilitation of especially aggravated robbery and that appellate counsel failed to raise and preserve the issue. The State responds that the Petitioner has failed to establish that trial counsel was ineffective because it was the trial court's duty to charge the jury as required by law regardless of any requests by trial counsel. The State also responds that the Petitioner has failed to prove prejudice when the evidence against him was overwhelming. The State further responds that the Petitioner has failed to establish that appellate counsel was ineffective because appellate counsel believed that the issue lacked merit and because the Petitioner has "failed to prove that he would have succeeded on this issue had it been raised on direct appeal."

Our review of the record reveals that trial counsel did not object to the trial court's failure to charge facilitation and that appellate counsel did not raise the issue on appeal. In order to prevail on this claim, the Petitioner must prove that the trial court should have charged facilitation of especially aggravated robbery and that trial counsel's failure to object and appellate counsel's failure to raise the issue on appeal was prejudicial to his case.

There is no dispute in this case as to whether facilitation to commit especially aggravated robbery is a lesser-included offense of especially aggravated robbery. In determining whether the trial court erred in omitting the instruction in this case, we must examine the law existing at the time of the Petitioner's trial. Wiley v. State, 183 S.W.3d 317, 328 (Tenn. 2006). According to the case law established at the time of the Petitioner's trial, the trial court was required to instruct the jury "on all lesser offenses necessarily included in the offense charged in the indictment unless there [wa]s no proof in the record which would support the instruction." Trusty, 919 S.W.2d at 311, overruled by Burns, 6 S.W.3d at 468-69. "[B]efore instructing a jury on a lesser offense, the trial court must determine whether the evidence, when viewed in the light most favorable to the defendant's theory of the case, would justify a jury verdict in accord with the defendant's theory, and would permit a rational trier of fact to find the defendant guilty of the lesser offense and not guilty of the greater offense." State v. Elder, 982 S.W.2d 871, 877 (Tenn. Crim. App. 1998).

A person may be convicted of facilitation "if, knowing that another intends to commit a specific felony, but <u>without the intent required for the criminal responsibility under § 39-11-402(2)</u>, the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403 (emphasis added). Here, the State prosecuted the Petitioner under a theory of criminal responsibility for both offenses. A person is criminally responsible for another's actions if

> [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense[.]

Tenn. Code Ann. § 39-11-402(2). While the Petitioner did not shoot the victim, he admittedly procured his own weapon that he used to rob the victim and benefitted in the proceeds of the offense. Carl Johnson, 2001 WL 1335110, at *2. The Petitioner acted with the intent required for the offense of criminal responsibility pursuant to the section referenced in the offense of facilitation. See Tenn. Code Ann. § 39-11-402(2). Accordingly, we believe that there was simply no evidence to support a jury finding that the Petitioner merely facilitated the commission of the offense.

We also believe that the Petitioner's reliance on Brown is misplaced because the facts of that case are materially different from this case. In Brown, the supreme court concluded that there was sufficient evidence to convict the petitioner of the lesser-included offense. 311 S.W.3d at 433-34. Here, there was not sufficient evidence to convict this Petitioner of the lesser-included offense. Accordingly, we conclude that the instruction was not warranted, that trial counsel was not deficient for failing to request the instruction, and that appellate counsel was not deficient for failing to raise the omission of the instruction as an issue on appeal.

## B. Jury instructions

The Petitioner contends that trial counsel failed to object to the erroneous knowingly instruction and that appellate counsel failed to raise the issue on appeal. The Petitioner acknowledges that the instruction related to the charge of criminal attempt to commit second degree murder and that the jury failed to reach a verdict on that charge. The Petitioner asserts that the "improper definition . . . would have had a carry-over [a]ffect" on the jury's consideration of the especially aggravated robbery offense. The State responds that the Petitioner has failed to establish that trial counsel was deficient for failing to object when the

written jury instructions were correct and when the jury's question related to the charge of criminal attempt to commit second degree murder, not the especially aggravated robbery offense.

Our review of the record reveals that trial counsel did not object to the trial court's instruction and that appellate counsel did not raise the issue on appeal. In order to prevail on this claim, the Petitioner must prove that the trial court erroneously defined the term and that trial counsel's failure to object and appellate counsel's failure to raise the issue on appeal was prejudicial to his case.

We agree with the Petitioner that the trial court's instruction in response to the jury's question relative to the attempted second degree murder offense was erroneous. Second degree murder is a result-of-conduct offense. State v. Page, 81 S.W.3d 781, 788 (Tenn. Crim. App. 2002) ("A jury instruction that allows a jury to convict on second degree murder based only upon awareness of the nature of the conduct or circumstances surrounding the conduct improperly lessens the state's burden of proof."). This error was harmless because the jury did not convict the Petitioner of criminal attempt to commit second degree murder. Thus, while trial counsel should have objected, the Petitioner cannot establish that he was prejudiced by trial counsel's inaction as it related to the criminal attempt to commit second degree murder offense.

Unlike the offense of second degree murder, "robbery is not strictly a result of conduct crime." State v. Guy, 165 S.W.3d 651, 660 (Tenn. Crim. App. 2004); see also State v. Theron Davis, No. W2002-00446-CCA-R3-CD, 2003 WL 21339000, at *10 (Tenn. Crim. App. May 28, 2003) (concluding that especially aggravated robbery was not a result of conduct offense), perm. app. denied (Tenn. Oct. 6, 2003). In order to support a conviction of robbery, "an accused must intend to engage in certain conduct, obtaining or exercising control over property; he must intend a certain result, the deprivation of the property; and he must be aware that certain circumstances exist, that he is not the owner of the property." Guy, 165 S.W.3d at 660. In Guy, this court stated, "In our view, each definition of both intentional and knowing would be relevant for the jury's consideration of [a robbery] offense." Id. Relative to the especially aggravated robbery offense, the jury instructions provided,

> For you to find the defendant guilty of this offense, the State must have proven beyond a reasonable doubt the existence of the following essential elements:

that the defendant knowingly obtained or exercised control over property owned by [the victim];

and that the defendant did not have the owner's effective consent;

and that the defendant intended to deprive the owner of the property;

and that the defendant took such property from the person of another by the use of violence or by putting the person in fear;

and that the defendant took such property intentionally or knowingly;

and that the defendant accomplished this act with a deadly weapon or by display of any article used or fashioned to lead the alleged victim to reasonably believe it to be a deadly weapon;

and that the alleged victim suffered serious bodily injury.

. . .

"Intentionally" means that a person acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result.

"Knowingly" means that a person acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist.

A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

These instructions were adequate, and we must presume that the jury followed the trial court's instructions. State v. Banks, 271 S.W.3d 90, 134 (Tenn. 2008). In any event, the jury's question was limited specifically to the mental state for the charge of criminal attempt to commit second degree murder. Accordingly, we conclude that the Petitioner cannot establish that he was prejudiced by trial counsel's failure to object or appellate counsel's failure to raise the issue on appeal.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE